IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENNIE BARNES, | ) | |
|     Petitioner, | ) | Civil Action No. 11-255 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ERIE COUNTY COURT OF COMMON | ) | |
| PLEAS, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Petitioner, Bennie Barnes, is a state prisoner currently incarcerated at the State Correctional Institution Albion ("SCI Albion"). He has filed a petition for a writ of habeas corpus [ECF No. 3] in which he claims that the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County on November 1, 1999, is excessive, in violation of his constitutional rights. He seeks an order from this Court directing that he be released from custody. This is at least the second habeas petition that Barnes has filed in which he challenges his November 1, 1999, judgment of sentence. Because he has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive petition, as required by 28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

### II. REPORT

#### A. Relevant Background

After a jury trial in the Court of Common Pleas of Erie County, Barnes was convicted of rape and aggravated indecent assault. On November 1, 1999, the court sentenced him to a term of 8-20 years' imprisonment.

The Superior Court affirmed his judgment of sentence. Thereafter, Barnes filed in state court numerous (perhaps as many as eight) unsuccessful motions for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*

On or around April 1, 2005, Barnes filed with this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his November 1, 1999, judgment of sentence. That petition was docketed as Barnes v. Brooks, et al., 1:05-cv-100 (W.D. Pa.) and assigned to the Honorable Sean J. McLaughlin, who referred the case to me. I subsequently issued a Report and Recommendation ("R&R") advising that the petition be dismissed as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that a certificate of appealability be denied. On August 18, 2006, Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability.

On September 20, 2007, Barnes filed with the Third Circuit Court an application pursuant to 28 U.S.C. § 2244 to file a second or successive petition under 28 U.S.C. § 2254. The court denied his application. See Oct. 18, 2007, *Order* in In re: Bennie E. Barnes, Court of Appeals Docket No. 07-3789 (3d Cir.).

In the instant petition for a writ of habeas corpus, Barnes once again challenges his November 1, 1999, judgment of sentence. He claims that the sentence imposed is excessive in violation of his rights under the Eighth Amendment because it exceeds the recommended range set forth by Pennsylvania's Sentencing Guidelines and/or the statutory maximum penalty. [ECF No. 3 at 3-4]. He also claims that his double jeopardy rights and his right to "privacy and freedom of association" have been violated. [Id.

at 4]. As relief, he seeks the issuance of a "writ of habeas corpus to release [him] from unlawful detention[.]"[1] [Id. at 5].

Respondents have filed their Answer [ECF No. 11] and the Court of Common Pleas' original file. Barnes has filed a Reply [ECF No. 13], and the case is ripe for review.

**B.    Discussion**

Because Barnes is in custody pursuant to the judgment of a state court, his habeas petition must be construed as having been filed pursuant to 28 U.S.C. § 2254. As explained in a leading habeas treatise:

> Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293, 179 L. Ed. 2d 233 (2011); see also Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).
>
> Two statutes provide jurisdiction for state prisoners challenging the lawfulness of their confinement.
>
> The first is 28 U.S.C.A. § 2241. That statute provides, in part, that "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. … The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States …." 28 U.S.C.A. § 2241(a), (c)(3).
>
> The second is 28 U.S.C.A. § 2254(a): "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."
>
> The question of whether a petitioner can proceed under § 2241, as opposed to § 2254, is a significant one. Section 2241 does not include the one-year limitations period of

---

[1]    Barnes also seeks an order from this Court directing that he receive money damages pursuant to 42 U.S.C. § 1983. Money damages are not available in a habeas corpus action. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

3

§ 2244(d)(1); the extremely deferential review standards of § 2254(d)(1), (2); or the limitation on successive petitions in § 2244(b)(2). A petitioner proceeding under § 2241, therefore, does not need to overcome these procedural hurdles…

The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court…. If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he made proceed under 28 U.S.C. § 2241.

Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (June 2012) (emphasis in original), citing, *inter alia*, Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one…. In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody…. applying the 'specific governs the general' canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

AEDPA mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that he previously challenged in federal habeas, he must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie

4

showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Barnes has not received from the Third Circuit Court permission to file a second or successive petition. Therefore, the Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed and that a certificate of appealability be denied.

5

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: October 2, 2012

cc:  Sean J. McLaughlin
     United States District Judge